UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | |
| V. § | No. 07 CR 0220 (BSJ) |
| § | |
| PAUL C. BARNABA, § | *Electronically Filed* |
| *Defendant*. § | |
| § | |

_____

### DEFENDANT BARNABA'S SECOND MOTION TO SEVER
### and Incorporated Memorandum of Law

TO THE HONORABLE BARBARA S. JONES, U.S. DISTRICT JUDGE
FOR THE SOUTHERN DISTRICT OF NEW YORK:

### I. Introduction.

The Court orally denied Defendant Paul C. Barnaba's first Motion to Sever during the August 25, 2008, status conference. The Court emphasized that it was denying Barnaba's Motion "as of the time it was submitted," and invited Barnaba to supplement the Motion, because "it's a motion that needs to be looked at in terms of where we're at." Aug. 25, 2008, Status Conf. at 36-37. Accordingly, Barnaba now moves again to sever his trial from that of his Codefendants. *See* FED. R. CRIM. P. 14(a). As before, the Motion to Sever is premised on the substantial risk that Barnaba's speedy trial and related trial rights will be compromised if his trial is not severed.[1] Barnaba thus incorporates by

---

[1] Barnaba reserves the right to assert additional grounds for severance in the future, if necessary. He does not intend to waive any additional arguments for severance based on other factors.

1

reference the "Relevant Facts" and "Arguments" sections of his first Motion to Sever. Developments since the filing of the first Motion to Sever show beyond doubt that many of Barnaba's earlier predictions have come true, making the necessity for an immediate severance and trial even more crucial.

## II. Supplemental Facts and Argument.

A. On August 7, 2008, Barnaba's attorneys received word that the proceeds of the Directors & Officers Liability Policy ("D&O Policy") were exhausted effective July 31, 2008. Barnaba's fear that the D&O Policy proceeds would be exhausted—a fear consistently expressed on the record to the Government and the Court since the July 12, 2007 status conference—has come to pass. The Government's repeated argument that Barnaba's fears of D&O Policy exhaustion were "wholly speculative" has been rendered moot and incorrect. Barnaba has not been able to afford undersigned counsel's legal services for the past two and one half months. Barnaba's Motion for Appointment of Counsel under the Criminal Justice Act, filed on August 18, 2008, is still pending before the Court. Forcing Barnaba and his counsel, with their limited resources, to wait until May 2009 for trial, six and one half months from today, will impair Barnaba's ability to put on an effective defense. Barnaba is ready for trial now and desperately seeks trial now. Severance and the setting of an expeditious trial date will accomplish that goal.

B. On August 25, 2008, the Court set a tentative trial date of May 4, 2009. More than 18 months have passed since the Indictment against Barnaba was unsealed. In his first Motion to Sever, Barnaba wrote "By any reasonable estimate, it does not look like Barnaba's Codefendants will be ready for trial for at least another year." We no longer need to speculate about this. We now know that the earliest possible date for a joint trial of all Defendants will be May 4, 2009, a full 13 months after Barnaba announced ready for trial and asked for a trial date, and 25 1/2 months after the Indictment was returned. The "serious risk" that Barnaba's constitutional right to a Speedy Trial will "be compromised" absent a severance, is therefore greater and more certain than it was when the first Motion to Sever was filed. The length of delay and a defendant's invocation of Speedy Trial rights are two of the four key *Barker v. Wingo* elements.

C. On August 25, 2008, Government counsel informed the Court that presentation of its case in chief would take at least six to eight weeks. On the same date, counsel for Defendant Stockman informed the court that presentation of Defendant Stockman's case would take at least six to eight weeks. Barnaba cannot afford to wait six and one-half months to go to trial, and then spend an additional four months sitting through the superfluous portions of his Codefendants' cases. Trial of Barnaba alone

3

will take a small fraction of the time of a four defendant trial. Severance will accomplish that goal.

D. Despite informing the Court in March 2008 that discovery was complete as of February 2008, the Government has now admitted to the Court, through various letters and oral statements, that its discovery is incomplete and that its production of electronic discovery via a web-based system has been fraught with difficulties. Barnaba's Codefendants, through counsel for Defendant Stockman, have told the Court that the various discovery delays and incomplete electronic productions have caused, and will continue to cause, delays in their readiness for trial. As the Court knows, Barnaba has completely stayed out of all discovery disputes between his Codefendants and the Government since announcing ready for trial in April 2008. In fact, Barnaba has not once complained of the Government's post-February 2008 discovery production. Barnaba has taken this approach because he is ready for trial and because he wants to avoid any hint or suggestion that he is being disingenuous by simultaneously demanding speedy trial and asking for delays to examine additional Government document productions. It bears noting, however, that the Government's admitted, and repeated, inability to provide complete and error-free discovery to Barnaba's Co-defendants utterly belies its former assertions to the Court that its chosen web-based discovery system justified the substantial initial delays in the

production of documents. Justification, or lack thereof, for any lengthy delay is also one of the four *Barker v. Wingo* elements.

### III. CONCLUSION

Of course, Barnaba does not argue here that his Speedy Trial rights have already been violated. Barnaba made that argument in a previous motion and the Court rejected it. Barnaba does argue that failing to sever him (and making him wait until May 2009 to stand trial) creates a substantial risk that Barnaba's Speedy Trial and related trial rights will be compromised. Wherefore, premises considered, Barnaba again implores the Court to sever his case from that of the Codefendants and set his matter for trial at the earliest possible opportunity.

Respectfully submitted,

                               /S/
                          SOLOMON L. WISENBERG
                          ADRIENNE U. WISENBERG

Wisenberg & Wisenberg, PLLC
1711 N Street NW; 2d Floor
Washington, DC 20036
Telephone: (202) 261-3649
Facsimile: (202) 293-0701

*Attorneys for Paul C. Barnaba*

## CERTIFICATE OF SERVICE

On October 14, 2008, I served a copy of this Second Motion to Sever and Incorporated Memorandum of Law on Assistant U.S. Attorney Marc Berger and on counsel for the Codefendants by filing it electronically.

                                             /S/
                                      SOLOMON L. WISENBERG
                                      *Attorney for Paul Bamaba*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| V. § | No. 07 CR 0220 |
| § | |
| PAUL C. BARNABA, § | |
| *Defendant*. § | |

## ORDER GRANTING MOTION TO SEVER

Upon consideration of Defendant Paul Barnaba's MOTION TO SEVER and Incorporated Memorandum of Law, said Motion is hereby GRANTED. Mr. Barnaba is granted a separate trial, and his case is hereby scheduled for trial on the following date: _____.

So Ordered on this the _____ day of _____, 2008.

_____
BARBARA S. JONES
U.S. District Judge